## THE ESPERANZA DE LARRINAGA.

(Circuit Court of Appeals, Fifth Circuit. January 30, 1918.)

No. 3128.

1. MASTER AND SERVANT ⬅101, 102(1)—INJURIES TO SERVANT—SAFE PLACE TO WORK.

It is the duty of the employer to furnish a safe place for the employé to work; but there is no obligation to furnish an easy and convenient place.

2. SHIPPING ⬅84(3)—INJURIES TO STEVEDORE—LIABILITY OF VESSEL.

An employé of a stevedore company, who for convenience in directing operations placed himself on the middle section of a hatch, the other two sections of which had been removed for loading, and was injured when the cover gave way, is not entitled to recover against the vessel, the hatch being safe when the three sections were in place, and the only insecurity resulting from the removal of the other two, for the fault, if any, was that of the contracting stevedore in charge of the loading, and not the vessel; this being particularly true in view of the fact that it was not imperative for libelant to take a position on the hatch cover to direct operations.

Appeal from the District Court of the United States for the Southern District of Texas; Waller T. Burns, Judge.

Libel by J. M. McNeel against the steamship Esperanza De Larrina-

ga, claimed by the Miguel De Larrinaga Steamship Company. From a decree for libelant, claimant and the sureties on its stipulation appeal. Reversed and remanded, with directions to dismiss the libel.

W. B. Lockhart, of Galveston, Tex., for appellants.

Lewis Fisher, of Galveston, Tex., for appellee.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

BATTS, Circuit Judge. The appellee was an employé of the Galveston Stevedore Company, and, while working as such in the loading of the steamship Esperanza, was injured, and, upon trial of a libel instituted by him, was awarded damages. Appellee was a "toter," in charge of men loading cotton in the hold of the Esperanza, and was, from the top of a section of the hatch into which the cotton was being lowered, directing the winchman in charge of the winch by·which the cotton was handled.

The hatch was in three sections, the accident resulting from the giving way of the cover to the middle section. The fore and aft sections were uncovered, but the cover to the middle section had not been removed. The hatch was divided by beams athwartship, and upon these beams were placed fore and afts, 5½ by 6½ inches, on which the hatch bars were placed. These fore and afts had bearings on the athwartship beams of about 2½ inches. The evidence is to the effect that all of the beams and fore and afts in the hatch cover were in good condition, and adapted to and adequate for the service for which they were intended. Certain witnesses for the appellee state that the fore and afts were worn at the ends, and that after the accident they put them back in place in the middle section of the hatch, and that they were not long enough to hold. The evidence, however, indicates that the hatch cover, including the beams and fore and afts by which it is supported, is to be considered as a whole, and that, when the fore and afts of the end sections of the hatch are in place, the fore and afts of the middle section are snug and secure. The testimony in behalf of the appellee is not inconsistent with the proposition that the beams athwartship and the fore and aft beams, when used under conditions intended, are entirely good and sufficient for the service required of them.

The evidence indicates that the stevedores are expected, in loading a ship, to uncover all the sections of a hatch, and that the use of one of the sections, without the bracing support of the others, is dangerous. The stevedore companies undertake to compel the men employed by them to entirely uncover the hatch in use, and the rules under which they work provide for fines for going onto the cover of one of the sections when the other sections of the hatch are uncovered. The testimony is without conflict to the effect that such a use of a portion of the hatch cover is dangerous, though it also indicates that the danger is one which is frequently assumed by the workmen. Appellee testified that it was necessary for him to get on this covered part of the hatch in order to direct the winchman, stating that timber on the floor prevented him from using the deck, and obstructed the view of himself and the winchman. This statement is contrary to the weight of the

evidence. While it is perhaps true that the point selected by him on the top of the covered part of the hatch was the one most convenient to him, it is clearly made to appear that he could have found a place on the floor of the deck from which his duties could have been discharged. After the accident the entire hatch was uncovered, and the loading was finished without removing the timber, and without any change in the location of the winchman.

[1, 2] It is the duty of the employer to furnish a safe place for the employé to work; but there is no obligation to furnish an easy and convenient place. The stevedore company is at liberty to refuse the employment, if the structure of the ship or the placing of part of the cargo makes the handling of the balance so inconvenient as to render the loading an undesirable undertaking. In this case the timber about which complaint is made was placed by the stevedore company. The evidence makes it clear that all of the beams fore and aft, and other parts required to cover the hatch, were of the ordinary kind, and were properly fitted and in good condition. The vessel was turned over to the stevedores for their work with the hatch covered. Any insecurity which might thereafter have existed with reference to the middle section of the hatch resulted from the action, not of the vessel, but of the contracting stevedores. Any cause of action which the appellee might have had was against the stevedore company.

Fowler & McVitie, as representatives of the stevedore company, and also of the Larrinaga Line, to which the Esperanza belonged, had, prior to the accident, taken out insurance, under the terms of the Texas Employers' Liability Act (Acts 33d Leg. c. 179 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5246h–5246zzzz]), in the American Indemnity Company, in their names and that of the stevedore company, for the benefit of that company on all vessels represented by them, the vessels paying the premiums. When appellee was injured, a report of the accident was made, and thereafter McNeel, the appellee, was paid in accordance with the terms of the insurance policy, and in accordance with the Texas Employers' Liability Act. The Employers' Liability Act of Texas is confined by its terms to employers and employés. The appellee was not an employé of the steamer Esperanza. He was, however, an employé of the Stevedore Company. The conclusion reached renders it unnecessary to determine whether the taking out of insurance in behalf of the ship and of the stevedore company, and the acceptance by the injured person of the benefits of this insurance, discharged any cause of action he might have had against the ship.

The judgment is reversed, and the cause remanded to the District Court, with directions to dismiss the libel.