### WILLIS v. LYKES BROS. S. S. CO., Inc.

Circuit Court of Appeals, Fifth Circuit.
January 16, 1928.

No. 5210.

Shipping ⚖️84(3½)—Ship held not liable for injury to employee of contracting stevedore for failure to keep safe place.

A ship or owner is not liable for injury to an employee of a contracting stevedore unloading the vessel, caused by failure of employer or employees to use means at hand to keep safe the place where they were working.

Appeal from the District Court of the United States for the Southern District of Texas; Joseph C. Hutcheson, Jr., Judge.

Suit in admiralty by S. L. Willis against the steamship Almeria Lykes; the Lykes Bros. Steamship Company, Inc., claimant. Decree for respondent, and libelant appeals. Affirmed.

W. E. Price, of Galveston, Tex., for appellant.

Mart H. Royston, of Galveston, Tex. (Royston & Rayzor, of Galveston, Tex., on the brief), for appellee.

Before WALKER, BRYAN, and FOSTER, Circuit Judges.

WALKER, Circuit Judge. The effect of the decree appealed from was to hold that a ship and her owner were not liable for a personal injury sustained by the appellant while he was acting as an employee of a contracting stevedore, engaged in unloading cargo from the ship.

As appellant was going to his work in the morning of the second day of his service in unloading the cargo, when he stepped from the ladder by which he descended from the main deck to a between-deck which was used for carrying cattle, it was dark there, and he stumbled over one of the footlocks, made of plank or concrete slats placed on the floor of the between-deck to keep cattle from slipping, and fell into an opening or hatchway in that floor, which was under No. 3 hatch. Movable guards made of plank were provided for inclosing that hatchway. Those guards or gates were attached by hinges to the roof or ceiling of the between-deck, so that they could be folded back against the roof when not in use, and let down when it was desired to inclose the hatchway and avoid the danger of falling into it. There would have been sufficient light where appellant stepped from the ladder, if the cover of No. 3 hatch had been removed. During the day before, when the unloading of cargo from No. 3 hold was completed, the cover of No. 3 hatch then being off, appellant passed a number of times over the between-deck floor, over which he had to go to get to No. 4 hold, from which cargo was to be removed during the day of appellant's injury. Before appellant and other employees of the stevedore started down the ladder, the cover of No. 4 hatch was removed, but the cover of No. 3 hatch was not removed.

It is to be inferred from the evidence that appellant would not have stumbled, but for the lack of sufficient light where he left the ladder, due to the failure to remove the cover from No. 3 hatch. If, when the between-deck was sufficiently lighted as a result of that hatch cover being removed, there was any possible danger to one engaged as the appellant was from the between-deck hatchway being unguarded, that danger could have been avoided by the employee's use of ordinary care for his own safety, and could have been removed by using the means at hand of inclosing that hatchway. The vessel being at the time in charge of a contracting stevedore engaged in unloading cargo, the vessel and her owner are not liable for injury to an employee of the independent contractor, due to a failure of the employer or a coemployee to use the means at hand to keep safe a place where the employee's work required him to be. The Louisiana (C. C. A.) 74 F. 748; The Esperanza De Larrinaga (C. C. A.) 248 F. 489; The Clan Graham (D. C.) 163 F. 961.

We conclude that appellant's injury was not attributable in whole or in part to a fault chargeable against the vessel or her owner, and that the decree was not erroneous. That decree is affirmed.